STATE, GEORGE RETTINGER, ADOLPH SNEIDER AND LETTIE YEREANCE, PROSECUTORS, v. CITY OF PASSAIC.

1. An objection to proceedings for condemnation of lands for public use as a street, of which proceedings the statutory notice was given, will not be entertained after the improvement has been completed at the public expense.

2. Land-owners, part of whose land was taken for a public street in the city of Passaic, and to whom damages were paid by the city under an award made pursuant to section 61 of the charter of 1873, (*Pamph. L., p.* 484,) in which award the benefit resulting to the land-owner was considered and allowed, cannot thereafter be assessed for benefits under the original charter or the amendments thereto in 1875, (*Pamph. L., p.* 570,) although the commissioners to assess for benefits find that such land-owners were more benefited than injured. The first adjudication of benefits cannot be thus reviewed.

3. But when, under the first assessment, a land-owner received no award by reason of a finding that his benefits exceeded his damages, an assessment in proportion to benefits, as determined by the commissioners to assess for benefits, may be imposed on him.

On *certiorari.*

Argued at November Term, 1882, before Justices REED and MAGIE.

For the prosecutors, *Z. M. Ward* and *H. K. Coddington.*

For the defendant, *J. E. Stoutenburgh.*

The opinion of the court was delivered by

MAGIE, J.   The proceedings brought up by this writ show an assessment for benefits, made in the city of Passaic, to raise the costs, damages and expenses of opening East Main avenue, to which the prosecutors, who are affected thereby, object.

Some of the objections urged to the assessment relate to an alleged failure on the part of the city to treat with the owners of lands taken, for the purchase thereof, before proceeding to condemn them.

The ordinance for the improvement was passed July 7th, 1873.   The report of the commissioners to assess damages was dated September 20th, 1873.   Of these proceedings, the notice required by the statute seems to have been given.   It does not appear with certainty when the assessment of damages was confirmed, but it must have been before May, 1874.   The evidence shows that the improvement has been long completed, and at considerable expense.   Awards for damages were made to and received by two of the prosecutors.   This objection could not be entertained even in a direct attack on the condemnation proceedings.   The time limited by the eighty-third section of the charter for a review by *certiorari* long since expired.   *State, Simmons, pros.*, v. *Passaic*, 9 *Vroom* 60.   Two of the prosecutors are estopped from making such an objection by their acceptance of awards.   As to all the prosecutors, an objection to preliminary proceedings, of which notice was given, not made until the improvement has been completed at public expense, will not be considered.   *State, Youngster, pros.*, v. *Paterson*, 11 *Vroom* 244.

Application was made at the argument for leave to prosecutors to file an additional reason setting up a defect in the selection of the commissioners who made the assessment complained of.   On behalf of the city it was objected that the facts laid before us in support of the application do not justify the conclusion that the defect existed, and that the application comes too late.   I think the objection well taken on both grounds.   The facts shown do not necessarily prove the defect complained of.   If they did, I do not think the prosecutors

ought to be permitted now to avail themselves of it. The writ was returned to November Term, 1880. The defect, if it existed, was apparent on the face of the proceedings, yet reasons were filed and the testimony taken without starting this objection. It was not until close on the argument that notice of this application was given. Under such circumstances, I think it would be an unwarranted exercise of discretion to further delay, by granting this application, the final disposition of an assessment made to reimburse the public for money expended. The case will therefore be considered on the reasons originally filed.

Among the reasons are some that present a substantial objection which must be considered.

The assessment complained of was made under the provisions of the charter of Passaic, to be found in the laws of 1873, (*Pamph. L., p.* 484,) as amended by an act to be found in the laws of 1875. *Pamph. L., p.* 570. The sixty-sixth section of the original charter provided that an assessment for the costs, damages and expenses of any improvement should be made on the owners of lands benefited thereby, in proportion, as nearly as may be, to the advantage each should be deemed to acquire. As amended in 1875, the section contains the same provision, with a proviso requiring the assessment not to exceed the benefits in each case.

The improvement in this case was the opening or widening of a public street. The mode of determining the damages resulting to owners of lands taken for such an improvement was prescribed by section 61 of the original charter. Commissioners appointed for the purpose were to assess the damages any owner would sustain by the appropriation of the lands. In estimating and assessing such damages they were expressly required to have "due regard both to the value of the lands and real estate and to the injury or benefit to the owner or owners thereof, by making such improvement as aforesaid." The assessment of damages in this case was made September 20th, 1873, and was therefore governed by section 61, above quoted. The commissioners who made it declare therein that

it was made in the manner prescribed by that section. They awarded to the prosecutor Rettinger $3190, and to the prosecutor Sneider $1917. These amounts were afterwards paid them. The prosecutrix, Lettie Yereance, now owns a lot which was then owned by George Smith. With respect to that lot the award runs thus: " George Smith, for lot No. 15, no damages, his benefits exceeding his damages."

The sixty-first section was amended by the act of 1875. As amended, it requires the commissioners to have regard, in estimating damages, both to the value of the land and the injury done to the owner by the improvement. The question of benefit, which, by the original charter, they were to consider, was, by the amendment, excluded from consideration. The amended section further provided (which the original charter did not,) that the remaining lands of the owner should be liable to assessment under the sixty-sixth section.

While this amendment was not in force when this assessment was made, it affords some aid in construing the original section. Looking at the language of the original section, and the change made, I can attribute to it no other meaning than this: that it required the commissioners to base their awards upon their judgment of the injury or benefit done to the land-owner by the improvement. If, on the whole, the owner was injured, the amount of damages was to be made part of the award; if, on the whole, he was benefited, the amount of benefit was to be allowed in the award. Such was the construction given to the section in this case. The commissioners' report shows that they considered the question of benefits and made allowance therefor in the awards. When, in their judgment, the benefits exceeded the damages, they made no award, not even for the value of the land taken. Their certificate is positive on this subject, and its statements cannot be overcome by the doubtful recollection of one of them whose evidence has been taken.

Upon this the contention of prosecutors is that the present assessment for benefits cannot be maintained against those land-owners whose benefits were considered and allowed in

the assessment of damages. This is not an objection to the assessment of damages, in which case the eighty-third section of the charter would bar its consideration. The objection is that the benefits in respect to which the present assessment is made, have been previously wholly paid.

The adjudication of the commissioners to assess damages was submitted to by all parties. The city paid, and Rettinger and Sneider received, their respective awards; and since their benefits had then been considered and allowed, it is clear that by such allowance each of them paid, not only his proportion, but the whole of the benefits then adjudged. But counsel for the city insist that this objection is obviated because the present assessment has been imposed only with respect to benefits which exceed the value of the lands taken and the damages done. The commissioners certify that "in each case we have deducted from the full amount of benefit received by any owner the value of his lands taken and the damages sustained by him, the balance being, in our judgment, the actual advantage acquired by such owner." They impose an assessment on both Rettinger and Sneider.

Since the previous commissioners had, after allowing their benefits, made an award to both for damages, the action of the present commissioners is a review and reversal of the adjudication made on the assessment of damages and submitted to by the parties. In my judgment, that adjudication could not be thus reviewed or disturbed. The question of benefits was then settled in the manner prescribed by law. It could not afterward be re-opened. Even if the original charter could not be sustained in this regard, the city ought not to be permitted to disturb the adjudication after submitting to it, and after paying an award so made. While the commissioners were doubtless required to determine the benefits in these cases, because the imposition is required to be in proportion to benefits, (*Ropes* v. *Essex Road Board*, 11 *Vroom* 64; *State, Sutphin, pros.*, v. *Elizabeth*, 11 *Vroom* 283,) yet owners who had already paid all their benefits could not be again assessed.

The case of Lettie Yereance is, however, different. No

award with respect to her lot was made by the commissioners to assess damages. Their adjudication was that the land she now owns was more benefited than damaged. That land and its owners have therefore contributed nothing to the improvement, except the portion of the lot taken. It ought, therefore, under the original charter, as well as under its amendments, to remain liable to assessment in proportion to benefits. The amount of such benefits was not fixed by the first commissioners. They only determined that benefits were greater than damages.

The present commissioners certify that they have imposed their assessment in such cases only on the excess of benefits. This is not a review or reversal of the previous adjudication, but is entirely consistent with it.

The amount imposed on her is so large ($915.92) as to excite very strong suspicions that the principle asserted by the commissioners has not been adhered to. But they positively state not only that the assessment was made on the excess of benefits alone, but also that it does not exceed the benefits, and that all lands benefited have been included in the assessment. These decisive statements cannot be disregarded without clear proof that they are erroneous. *State, Hunt, pros.,* v. *Rahway,* 10 *Vroom* 646; *Johnston* v. *Trenton,* 14 *Vroom* 166. I am unable to find any such proof in the case.

There is no other reason, supported by the facts, which requires consideration. The result is that the assessment on Rettinger and Sneider must be set aside. That of Lettie Yereance cannot be disturbed and must stand.